*791
 
 OPINION
 

 FRYE, District Judge:
 

 The matter before the court is the defendant’s motion for summary judgment (# 29).
 

 FACTS
 

 The defendant, Reser’s Fine Foods, Inc. (Reser’s), is a nationwide food manufacturer and distributor of packaged foods.
 

 On May 17, 1993, the plaintiff, Denise Appel, was hired by Reser’s as a payroll coordinator. As the payroll coordinator, she was paid at the rate of $12.50 per hour. Appel’s immediate supervisor was Mari Jo Prlain, the Director of Human Resources.
 

 On June 24, 1994, Appel gave a two-week notice to Reser’s that she was terminating her employment with Reser’s. Appel’s last day as an employee of Reser’s was July 8, 1994. However, Appel continued to provide services to Reser’s after July 8, 1994, and was thereafter reimbursed as an independent contractor. Appel earned $20.00 per hour from July 8, 1994 through August 8, 1994.
 

 On July 15, 1994, Appel wrote to Reser’s, stating: “Please issue a cheek in the amount of $1000.00 for 50 hours of payroll consulting. I have attached a copy of my timesheet with the hours and backup of the work done.” Exhibit la to the Affidavit of Carla A. Anderson, p. 2.
 

 Attached to this memorandum was a time-sheet filled out by Appel indicating the hours she had worked for the pay period July 10, 1994 to July 15, 1994. Appel had written in the word “Consulting” at the top of the time-sheet.
 
 Id.
 
 at 3.
 

 The parties agree that on May 9, 1995,
 
 [1]
 
 Appel filed a complaint with the Oregon Bureau of Labor and Industries and the Equal Employment Opportunity Commission (EEOC) alleging, in part:
 

 About a month after I started work, I began being subjected to unwelcome sexual overtures, lewd remarks, and crude innuendos directed to me on an almost daily basis by a male Production Supervisor. I made it very clear to this person at once that his comments were unwelcome, and that I wanted them to stop. He persisted. I complained to my supervisor, who is Respondent’s Director of Human Resources, about this individual’s sexual harassment on several occasions, and was assured that the behavior would be made to stop, but it continued, escalating to include inappropriate physical touching, until I finally felt compelled, a year later, to resign my employment with respondent in order to escape the continuing harassment.
 

 Exhibit 4 to the Affidavit of Carla A. Anderson.
 

 Appel subsequently filed this action alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e
 
 et seq.,
 
 as well as claims for the intentional infliction of emotional distress, the reckless infliction of emotional distress, battery, and aiding and abetting an unlawful employment practice under the laws of the State of Oregon.
 

 CONTENTIONS OF THE DEFENDANTS
 

 The defendants contend that they are entitled to an order of summary judgment as a matter of law on Appel’s Title VII claim on the grounds that Appel failed to file her charge with the Oregon Bureau of Labor and Industries and the EEOC within 300 days of the alleged unlawful employment practice, and therefore this action is time barred. The defendants contend that the last sexual comment from the defendant, Ali Azaddeh, described by Appel in her deposition was in June of 1994. As a result, the defendants argue that the complaint filed with the Oregon Bureau of Labor and Industries and the EEOC on May 9, 1995 was outside the 300-day period allowed for filing a complaint with the Oregon Bureau of Labor and Industries and the EEOC. Further, Appel did not file her complaint with the Oregon Bureau of Labor and Industries and the EEOC within 300 days of July 8, 1994, the last day that Appel was an employee of Reser’s.
 

 Finally, the defendants contend that Appel cannot come forth with facts to support her claims of sexual harassment on the remaining claims in her complaint.
 

 
 *792
 
 CONTENTIONS OF APPEL
 

 Appel contends that the sexual harassment by defendant Azaddeh continued until her employment ended on July 15,1994; that she filed her claim with the Oregon Bureau of Labor and Industries and the EEOC within 300 days of July 15, 1994, the day that she terminated her employment with Reser’s; and that since Reser’s controlled her employment through July 15, 1994, she was in fact an employee of Reser’s through July 15,1994 and not an independent contractor.
 

 Appel contends that she has offered proof that she was continuously subjected to unwanted sexual comments and touching by defendant Azaddeh from July of 1993 through July of 1994; that others witnessed the harassment; that she reported the harassment to her supervisor on numerous occasions; and that her supervisor took no action to stop the harassment.
 

 APPLICABLE LAW
 

 Summary judgment should be granted only if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party.
 
 British Airways Bd. v. Boeing Co.,
 
 585 F.2d 946, 951 (9th Cir.1978),
 
 cert. denied,
 
 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden “may be discharged by ‘showing’ ... that there is an absence of evidence to support the nonmoving party’s case.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 324-25, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to “go beyond the pleadings and ... designate ‘specific facts showing that there is a genuine issue for trial.’”
 
 Id.
 
 at 324, 106 S.Ct. at 2553.
 

 Assuming there has been adequate time for discovery, • summary judgment should then be entered against “a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.”
 
 Id.
 
 at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.
 
 United States v. Diebold, Inc.,
 
 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate.
 
 Sankovich v. Life Ins. Co. of N. Am.,
 
 638 F.2d 136, 140 (9th Cir.1981). Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial.
 
 SEC v. Koracorp Indus.,
 
 575 F.2d 692, 699 (9th Cir.),
 
 cert. denied,
 
 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).
 

 In order to bring an action under Title VII, Appel must have filed a charge with the Oregon Bureau of Labor and Industries and the EEOC within 300 days of her alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). Title VII protects workers who are employees, but it does not protect independent contractors. 42 U.S.C. § 2000e(f).
 

 ANALYSIS AND RULING
 

 Appel did not file a complaint with the Oregon Bureau of Labor and Industries and the EEOC within 300 days of July 8, 1994. However, Appel did file a complaint with the Oregon Bureau of Labor and Industries and the EEOC within 300 days of July 15, 1994.
 

 Appel contends that she continued to be employed by Reser’s and performed essentially the same job under the same terms and conditions through July 15, 1994. The records submitted by Appel to the defendants reflect that after July 8,1994, Appel was paid as a “payroll consultant.” Exhibit la. After July 8, 1994, Appel was paid at a negotiated rate of $20.00 per hour, rather than the rate of $12.50 per hour which she received as an employee of Reser’s. After July 8, 1994, Appel kept her own hours, for example working on July 10, 1994 from 12:00 a.m. to 3:00 p.m. and on July 11, 1994 from 10:00 p.m. to 2:00 a.m.
 

 
 *793
 
 This court finds that the facts in this record support only the conclusion that Appel was an employee of Reser’s through July 8, 1994 and was an independent contractor thereafter. The complaint filed on May 9, 1995 with the Oregon Bureau of Labor and Industries and the EEOC was not filed within 300 days of the day that Appel was last employed by Reser’s and was therefore not timely filed. The motion of the defendants for summary judgment is granted as to Appel’s claim under Title VII.
 

 The defendants contend that the facts in this record are not sufficient to support a claim for the intentional infliction of emotional distress, battery, and aiding and abetting of an unlawful employment practice.
 

 Appel relies upon her deposition testimony in support of her claim that the comments and behavior of defendant Azaddeh rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct, which is the requirement for a claim for the intentional infliction of emotional distress.
 

 The defendants contend that the few episodes of sexual harassment described by Appel in her deposition are “vague, ambiguous and trivial.” Memorandum of Law in Support of Defendants’ Motion for Summary Judgment, p. 8. Appel contends that she was subjected to many offensive comments and much offensive touching, which began about a month after she started working for Reser’s on May 17,1993 and ended when she terminated her employment with Reser’s on July 8,1994.
 

 The court has reviewed the record and concludes that a reasonable finder of fact could find that the comments and the behavior of defendant Azaddeh rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct. Appel submits the affidavit of two co-workers to support her testimony as to the offensive comments and touching. The motion of the defendants for summary judgment is denied as to the state claims for the intentional infliction of emotional distress, battery, and aiding and abetting of an unlawful employment practice.
 

 CONCLUSION
 

 The motion of the defendants for summary judgment (#29) is granted as to the Title VII claim and denied as to all other claims.
 

 [1]
 

 . Defendants' Exhibit 4 is dated May 25, 1995. However, both parties agree in their undisputed facts that the complaint was filed on May 9, 1995.